# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY BURTON, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-299Erie |
| | ) | |
| v. | ) | |
| | ) | |
| ALBION STATE CORRECTIONAL | ) | |
| FACILITY, <u>et al.</u>, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on December 5, 2011. Plaintiff, acting *pro se*, brought this civil rights action alleging that Defendants acted with deliberate indifference and in a negligent manner in providing him medical treatment for prostate cancer. Plaintiff claims that he was rendered sterile by a drug that was administered to him by unnamed medical personnel at SCI Albion without his informed consent as to the drug's possible adverse side effects. Named as Defendants are: Albion State Correctional Facility and the Department of Corrections.[2]

Defendants have filed a motion to dismiss based upon immunity under the Eleventh Amendment. ECF No. 12. Plaintiff has not filed a brief in opposition to the pending dispositive motion, but has filed several other documents in support of his claims. See ECF Nos. 6

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 4, 16.

[2] This case is identical to a case Plaintiff filed at Civil Action Number 12-72Erie, which has previously been dismissed for failure to state a claim.

(Supplement to Complaint); 8 (Supplement to Complaint); 17 (Exhibits in Support of Complaint); 18 (Affidavit); 19 (Proposed Amendment to Complaint[3]); 21 (Letter to Court regarding Medical Condition); 26 (Evidence in Support of Complaint); 29 (Medical Copies of Monthly Injections); and 30 (Exhibits in Support of Complaint). Defendants' motion is ripe for disposition by this Court.

### A. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

---

[3] Plaintiff's proposed amendment to the complaint is a one-page document that does not make any allegation as to any Defendant other than the previously named Defendants.

2

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### B. Eleventh Amendment Immunity

Defendants argue that Plaintiff's claim must be dismissed because they are entitled to immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia,* states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own

name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the Department of Corrections, which administers all state correctional institutions including SCI–Albion, is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D.Pa. 2009)(Department of Corrections). Likewise, SCI–Albion is an alter-ego of the DOC and is, therefore, entitled to the same immunity. See Wood v. Pennsylvania Bd. of Probation & Parole, 2009 WL 1913301, at *3 (W.D. Pa. 2009). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D. Pa. 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages, Smith v. Luciani, 1997 WL 151803, at *4 (E.D. Pa. 1998) aff'd. 178 F.3d 1280 (3d Cir. 1999) (Table).

Moreover, as state agencies, these named Defendants are not "persons" against whom a civil rights action may be brought under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claim against Defendants must be dismissed.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNY BURTON,** | ) | |
| Plaintiff, | ) | Civil Action No. 11-299Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **ALBION STATE CORRECTIONAL** | ) | |
| **FACILITY, et al.,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# O R D E R

AND NOW, this 26th day of December, 2012;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Albion State Correctional Facility [ECF No. 12] is GRANTED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge